UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBBRA M.,

                Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C20-5797-MLP

ORDER

## I.    INTRODUCTION

Plaintiff appeals the denial of her application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by finding she had no severe impairments and by rejecting her testimony and four medical opinions. (Dkt. # 19.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

Plaintiff was born in 1957, has a high school education, and has worked as a corrections officer. AR at 161-62. Plaintiff was last gainfully employed in 2017. *Id.* at 162.

Plaintiff applied for benefits in October 2017, alleging disability as of January 2, 2017. AR at 119. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

ORDER - 1

requested a hearing. *Id.* at 189, 201, 226-27. After the ALJ conducted a hearing in April 2019, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 119-26, 152-88. At step two of the five-step disability evaluation process,[1] the ALJ found Plaintiff did "not have a severe impairment or combination of impairments" and thus was not disabled. *Id.* at 122.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 2-5. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 1.)

### III. LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

---

[1] 20 C.F.R. § 404.1520.

ORDER - 2

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV. DISCUSSION

At step two, an ALJ must determine whether a claimant has at least one severe medically determinable impairment or combination of impairments. 20 C.F.R. § 404.1520(a)(4)(ii). A medically determinable impairment "must be established by objective medical evidence from an acceptable medical source." 20 C.F.R. § 404.1521. Impairments are severe if they "significantly limit" a claimant's "physical or mental ability to do basic work activities." 20 C.F.R. § 404.1522(a).

"An impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual's ability to work.'" *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (quoting Social Security Ruling 85-28). "[T]he step two inquiry is a de minimis screening device to dispose of groundless claims." *Id*. (citing *Bowen*, 482 U.S. at 153-54).

The ALJ found asthma was not a medically determinable impairment. AR at 121-22. The ALJ found Plaintiff's medically determinable impairments included vocal cord dysfunction, gastroesophageal reflux disease, and adjustment disorder with anxiety and depression, but found none were severe. *Id.* at 121.

### A. The ALJ Erred in Evaluating the Medical Opinion Evidence

The regulations effective March 27, 2017, 20 C.F.R. § 404.1520c(c), require the ALJ to articulate how persuasive the ALJ finds medical opinions and to explain how the ALJ considered the supportability and consistency factors. 20 C.F.R. § 404.1520c(a)-(b). The regulations require an ALJ to specifically account for the legitimate factors of supportability and consistency in

addressing the persuasiveness of a medical opinion. Thus, the regulations require the ALJ to provide specific and legitimate reasons to reject a doctor's opinions. *See, e.g.*, *Kathleen G. v. Comm'r of Social Sec.*, No. C20-461 RSM, 2020 WL 6581012, at *3 (W.D. Wash. Nov. 10, 2020) (finding that the new regulations do not clearly supersede the "specific and legitimate" standard because the "specific and legitimate" standard refers not to how an *ALJ* should weigh or evaluate opinions, but rather the standard by which the *Court* evaluates whether the ALJ has reasonably articulated his or her consideration of the evidence).

Further, the Court must continue to consider whether the ALJ's analysis is supported by substantial evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5852 (January 18, 2017) ("Courts reviewing claims under our current rules have focused more on whether we sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision . . . [T]hese courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential standard to us.").

    1.    *The ALJ Erred by Discounting the Opinions of State Agency Reviewing Doctors Norman Staley, M.D., and J.D. Fitterer, M.D.*

On initial consideration of Plaintiff's application, the agency determined Plaintiff had the severe impairment of asthma. AR at 195. Dr. Staley opined Plaintiff could perform medium work without concentrated exposure to cold or pulmonary irritants. *Id.* at 196-98. On reconsideration, Plaintiff was determined to have the severe impairments of asthma and a gastrointestinal disorder. *Id.* at 208. Dr. Fitterer concurred with Dr. Staley's opined limitations. *Id.* at 211-12. The ALJ found these opinions "unpersuasive" as inconsistent with the objective medical evidence and Plaintiff's activities. *Id.* at 124-25.

Imaging and examinations revealed clear lungs. *See, e.g.*, AR at 448 ("Lungs: normal and clear to auscultation"). However, Plaintiff's doctors continued to diagnose asthma and to treat Plaintiff for shortness of breath, indicating clear lungs were not inconsistent with asthma or shortness of breath. *See, e.g., id.* at 427 ("Lungs, CTA bilat." "Assessment … Intrinsic asthma" in September 2017). Inconsistency with medical evidence was not a valid reason to discount Dr. Staley's and Dr. Fitterer's opinions.

The ALJ cited activities of household chores and taking care of two dogs but failed to explain how these activities contradicted Dr. Staley's and Dr. Fitterer's opinions. AR at 125. The ALJ listed laundry, dishes, ironing, dusting, and sweeping, but none of these typically require lifting more than 50 pounds, as medium work allows. The ALJ cited feeding, walking, and bathing the dogs, but no evidence suggests these activities were inconsistent with Dr. Staley's and Dr. Fitterer's opinions. The Commissioner cites additional activities of going on short hikes and riding all-terrain vehicles but fails to show these are inconsistent with medium work. (Dkt. # 20 at 11.) Conflict with activities was not a valid reason to discount Dr. Staley's and Dr. Fitterer's opinions.

The Court concludes the ALJ erred by discounting Dr. Staley's and Dr. Fitterer's opinions. On remand, the ALJ should reevaluate Dr. Staley's and Dr. Fitterer's opinions and reassess whether Plaintiff has any severe medically determinable impairments.[2]

\\

\\

\\

---

[2] The Court notes that some evidence in the record suggests vocal cord dysfunction, rather than asthma, may be responsible for Plaintiff's shortness of breath. *See* AR at 477 (Treating doctor performed a pulmonary test and concluded the "results appear to confirm my suspicion that the patient has vocal cord dysfunction rather than asthma.").

### 2. The Opinions of Treating Physician Deepti Paturi, M.D., and Examining Physician Pamela Moslin, M.D.

In March 2018, Dr. Paturi assessed Plaintiff with "[d]yspnea on exertion," opining Plaintiff was "not in a condition to be ab[le] to return to work." AR at 626. In January 2018, Dr. Moslin performed a psychological examination but found Plaintiff "does not meet criteria for any psychiatric diagnoses." *Id.* at 594. Instead, Dr. Moslin documented her observations of "shortness of breath" and opined Plaintiff "would not tolerate the workforce … because of her severe dyspnea on exertion, chronic weakness, and episodic chest heaviness." *Id.* at 589, 594-95.

How the ALJ addresses these opinions on remand will depend on which, if any, of Plaintiff's impairments the ALJ determines are severe. Accordingly, the Court need not evaluate Plaintiff's challenges to the ALJ's discounting of Dr. Paturi's and Dr. Moslin's opinions at this point.

### B. Plaintiff's Testimony

"In evaluating the credibility of a claimant's testimony regarding subjective pain, an ALJ must engage in a two-step analysis." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citation omitted). "Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (internal quotation marks and citation omitted).

The ALJ found Plaintiff did not satisfy either step. He found Plaintiff's "medically determinable impairments could not reasonably be expected to produce the alleged symptoms."

AR at 123. In addition, the ALJ found Plaintiff's testimony of shortness of breath inconsistent with medical evidence and her activities. *Id*.

Depending which, if any, severe medically determinable impairments the ALJ finds on remand, the ALJ may need to reconsider his finding that Plaintiff's medically determinable impairments could not reasonably be expected to produce the symptoms she testified she experienced. Accordingly, the Court need not address Plaintiff's challenge to the ALJ's assessment of her testimony at this point.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is REVERSED, and this case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ should: (1) reassess Plaintiff's testimony and the opinions of Dr. Staley, Dr. Fitterer, Dr. Paturi, and Dr. Moslin; (2) reevaluate whether Plaintiff has severe medically determinable impairments; and (3) proceed through the five-step disability determination as necessary.

Dated this 29th day of June, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7